IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:13-CR-49-SCJ-JSA |
| MARC D. HENRY : | |
| : | |

**REPORT AND RECOMMENDATION**

The Defendant is accused in a two count Indictment with possessing and distributing child pornography. Superseding Indictment [20]. He moves to suppress all evidence (including statements) obtained during the execution of a search warrant at his home on May 17, 2012. Motion to Suppress [16]. The only argument that Defendant presented in his two page motion was that the "search warrant was issued without probable cause because the information providing by the Affiant was untimely and stale." *Id.* ¶ 3. More specifically, the Motion states that "[t]he alleged activity that was described occurred more than a month prior to the affidavit and there was nothing in the affidavit indicating the reason for the delay." *Id.* ¶ 4.

Because the Court does not find that this delay deprives the affidavit of probable cause, and, in any event, because the Court finds that reasonable officers could rely in good faith on the validity of the warrant, the Court **RECOMMENDS** that the Motion [16] be denied.

**Background**

At the pre-trial conference, defense counsel requested the opportunity to perfect this motion with a more extensive brief, which the Court granted. The Court permitted a supplemental brief to be filed by April 17, 2013. [17]. The Defendant did not file a supplemental brief. Defense counsel indicated at the second pre-trial conference [32] that the Defendant would rest on the arguments stated in the initial motion. The Government did file a response, on May 8, 2013. Response [13].

It appears that neither party has produced a copy of the warrant or the affidavit itself to the Court. Nevertheless, the Government's brief describes the information set out in the warrant application in detail and the Defendant at the pre-trial conference [32] indicated no disagreement with the representations made by Government counsel.

According to the Government, Special Agent Anthony Scott of the Department of Homeland Security ("DHS") prepared an affidavit on May 7, 2012, that explained how on three dates in late March and early April 2012, a computer using a particular Internet Protocol ("IP") address transmitted three video files to an undercover DHS computer. [31] at 3-4. The files depicted child pornography in various specific ways described by the Government's brief. *Id.* On April 5, 2012, the internet provider produced subscriber information for the IP address revealing the Defendant's address

and his wife's name as the subscriber. *Id.* The agents learned the Defendant's name through database searches and observed him at the house during surveillance on April 24, 2012. *Id.* The agents applied for the warrant two weeks later, on May 7, 2012, and it was issued by U.S. Magistrate Judge Linda T. Walker of this Court. *Id.* at 4-5. Among other information, the affiant stated that child pornography distributors and collectors tend to keep their child pornography at their residence and that they typically do so for extended periods of time. *Id.* Indeed, S/A Scott stated in the affidavit, based on personal experience and what he has learned from colleagues, that such individuals "rarely if ever dispose of their sexually explicit materials . . . They almost always maintain their collections in the privacy and security of their homes or other secure location for years." *Id.*

## Analysis

A magistrate judge asked to issue a search warrant must make a practical decision, given all the facts set out in the application, that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *See Illinois v. Gates*, 462 U.S. 213 (1983). Courts reviewing the sufficiency of warrant applications after-the-fact should not do so in a hyper technical manner; Rather, courts must employ a realistic and common sense approach so as to encourage recourse to the warrant process and to recognize the significant deference afforded to the

decisions of the issuing magistrate judge. *Id.*; *United States v. Miller*, 24 F.3d 1357 (11th Cir. 1994).

Moreover, regardless of whether it would have issued the warrant, the reviewing court must deny suppression on the grounds of good faith reliance unless the affidavit was so lacking in indicia of probable cause so as to render official belief in its existence entirely unreasonable. *United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002).

Defendant fails to show that the Court should suppress the fruits of this search under these highly deferential standards. Thirty days is not an extended delay under most circumstances. This is particularly so in light of the specific facts offered in the affidavit establishing that individuals who collect and distribute child pornography typically keep images for an extended period and rarely delete them. Courts have recognized based on facts such as these that the question of "staleness" is unique in the child pornography context, and have upheld searches applied for based on information far older than that here. *See United States v. Wagers*, 452 F.3d 534, 540 (6th Cir .2006); *United States v. Lemon*, 590 F.3d 612, 614–15 (8th Cir.2010) (information on possession of child pornography two years prior was not stale); *United States v. Irving*, 452 F.3d 110, 125 (2d Cir.2006) ("[w]hen a defendant is suspected of possessing child pornography, the staleness determination is unique

4

because it is well known that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes."); *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir.1997); *United States v. Peden*, 891 F.2d 514, 518–19 (5th Cir.1989); *United States v. Toups*, No. 206–CR–112–MEF, 2007 WL 433562 (M.D.Ala. Feb.6, 2007) (staleness analysis unique because child pornography cases involve images which are "not easily eliminated from a computer's hard drive" because "mere deletion of a particular file does not necessarily mean that the file cannot later be retrieved.")

    The issuance of this warrant easily passes muster under these authorities. More importantly, the issuing Magistrate Judge's probable cause determination is supported by common sense. And even if there were some question about probable cause – which there is not – reasonable agents would have been free to rely in good faith on this warrant. The Motion must be denied.

## Conclusion

For the reasons stated above, the undersigned recommends that the Defendant's Motion to Suppress [16] be **DENIED**.

**IT IS SO ORDERED** this 30th day of May, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE